**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Moses Jason ANDY, Defendant—Appellant.**

No. 00–30366.

D.C. No. CR–99–00136–EJL.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2002.*

Decided Jan. 14, 2002.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Moses Jason Andy appeals his conviction by a jury trial for one count of aggravated sexual abuse committed in Indian Country, in violation of 18 U.S.C. §§ 1153 and 2241(c), and one count of sexual contact with a child committed in Indian Country, in violation of 18 U.S.C. §§ 1153 and 2244(a)(1). We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

## I

In considering a challenge to the sufficiency of the evidence to support a conviction, we review the evidence presented against the defendant in a light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Pacheco–Medina*, 212 F.3d 1162, 1163 (9th Cir.2000). The evidence presented at trial could provide a reasonable juror with a sufficient basis to believe beyond a reasonable doubt that the acts of sexual abuse and sexual contact occurred and that Andy's intoxication did not negate the required mental state. The fact that conflicting testimony was presented at trial does not alter our conclusion. The determination of witness credibility is committed to the sound discretion of the jury. *United States v. Croft*, 124 F.3d 1109, 1125 (9th Cir.1997). Thus, under our deferential standard of review, we conclude that the evidence was sufficient to sustain the convictions.

## II

The district court did not err in denying Andy's motion to suppress the statement he provided to law enforcement officers. After a review of the record, we find no clear error in the district court's factual findings concerning the circumstances surrounding the interview. *United States v. Mattarolo*, 209 F.3d 1153, 1155–56 (9th Cir.), *cert. denied*, 531 U.S. 888, 121 S.Ct. 208, 148 L.Ed.2d 146 (2000). Given the totality of the circumstances, the district court did not err by denying Andy's motion to suppress the statement. *Dickerson v. United States*, 530 U.S. 428, 434, 120

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

S.Ct. 2326, 147 L.Ed.2d 405 (2000). There is no credible evidence that Andy's statement was coerced and, because Andy has not established that his confession was the product of coercion, his alleged lack of education and intelligence does not render his confession involuntary. *Amaya–Ruiz v. Stewart,* 121 F.3d 486, 495 (9th Cir. 1997). Indeed, there is no support in the record for the proposition that Andy did not understand his rights or was confused about why he was being questioned. Given the totality of the circumstances, the district court also properly concluded that the venue for the interview did not render the statement involuntary.

**AFFIRMED.**